| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey S. Shinbrot, Esquire (155486)<br>JEFFREY S. SHINBROT, APLC<br>8200 Wilshire Blvd., Suite 400<br>Beverly Hills, CA 90211<br>(310)659-5444<br>(310)878-8304 Fax<br>jeffrey@shinbrotfirm.com | |

☐ *Individual appearing without attorney*
☒ *Attorney for:* Chapter 11 Debtor

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>LEONARDA GUADALUPE AGUILAR, an individual | CASE NO.: 2:15-bk-16443-RN<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION FOR:**<br><br>Debtor's Motion for Order Authorizing Use of Cash Collateral On An Final Basis; Memorandum of Points and Authorities and Declaration of Leonarda Guadalupe Aguilar In Support Thereof<br><br>*(Specify name of Motion)* |
| Debtor(s). | DATE: 07/21/2015<br>TIME: 9:30 am<br>COURTROOM: 1645<br>PLACE: 255 East Temple Street<br>Los Angeles, California |

1.  TO (*specify name*):  Honorable Richard M. Neiter, U.S. Bankruptcy Judge And To All Parties on the Annexed List:

2.  NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3.  **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.  **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  06/10/2015

JEFFREY S. SHINBROT, APLC
Printed name of law firm

Signature

Jeffrey S. Shinbrot, Esquire
Printed name of attorney

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                          Page 2                          **F 9013-1.1.HEARING.NOTICE**

JEFFREY S. SHINBROT, ESQ. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
8200 Wilshire Boulevard, Suite 400
Beverly Hills, California 90211
Telephone: (310) 659-5444
Fax (310) 878-8304
Reorganization Counsel to Chapter 11 Debtor and
Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LEONARDA GUADALUPE<br>AGUILAR, an individual<br><br>            Chapter 11 Debtor and<br>            Debtor-In-Possession. | Case No. Case No.: 2:15-bk-16443-RN<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL ON AN FINAL BASIS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LEONARDA GUADALUPE AGUILAR IN SUPPORT THEREOF**<br><br>Date: July 21, 2015<br>Time: 9:30 a.m.<br>Place: Courtroom 1645<br>      255 E. Temple Street<br>      Los Angeles, California |

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES**

**BANKRUPTCY JUDGE AND TO ALL PARTIES ON THE ANNEXED SERVICE**

**LIST:**

    **PLEASE TAKE NOTICE** that at  on July 21, 2105, at 9:30 a.m. in Courtroom

1645, of the United States Bankruptcy Court for the Central District of California, Los

Angeles Division, located at 255 E. Temple Street, Los Angeles, CA, the debtor and

debtor-in-possession in the above entitled Chapter 11 proceeding (the "Debtor"), whose

chapter 11 case was commenced on April 23, 2015, (the "Petition Date") will and hereby

does move pursuant 11 U.S.C. §§105(a), 361, 363, 1107(a) and 1109, Bankruptcy Rule

4001, and Local Bankruptcy Rule 2081-1 for an order permitting the use of cash collateral of WELLS FARGO BANK and HSBC BANK USA and granting the following relief:

1. Authorizing the use of all cash and cash equivalents on hand and hereafter received, on an interim basis, to pay ordinary and necessary operating expenses in accordance with the budget attached, as Exhibit "1" to the accompanying declaration of Leonarda Guadalupe Aguilar and permitting the carryover of any unused but authorized use of cash from month-to-month;

2. Authorizing the Debtor to exceed any line item in the budget by up to fifteen percent (15%) in any one month, as long as the overage for all items in the aggregate does not exceed fifteen percent (15%) of the total budget amount for that month, with the budget savings in one month to be carried over into subsequent months;

3. Setting a final hearing on the use of cash collateral if the Court deems authorizes use on an interim basis only; and

4. Granting such further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that pursuant to L.B.R. 4001-2, the Debtor represents that its proposed order authorizing the Debtor's use of cash as set forth in the form of that attached hereto and marked Exhibit "3", does not and will not contain the following provisions:

| Provisions | Proposed Cash Collateral Order |
|---|---|
| Provisions that grant cross-collateralization protection (other than replacement liens or other adequate protection) to the prepetition secured creditors (i.e., clauses that secure prepetition debt by postpetition assets in which the secured creditor would not otherwise have a security interest by virtue of its prepetition security agreement or applicable laws). | No. |
| Provisions or finding of fact that bind the estate or all parties in interest with respect to the validity, perfection, or amount of the secured creditor's prepetition lien or debt or the waiver of claims against the secured creditor. | No. |

CASH COLLATERAL MOTION

| Provisions | Proposed Cash Collateral Order |
|---|---|
| A provision that waives the estate's right under 11 U.S.C. §506(c). | No. |
| Provisions that grant to the prepetition secured creditor liens on the debtor's claims and causes of action arising under 11 U.S.C. §§544, 545, 547, 548, or 549. | No. |
| Use of postpetition loans from a prepetition secured creditor to pay part or all of that secured creditor's prepetition debt, other than as provided in 11 U.S.C. §552(b) | No. |
| Provisions that provide disparate treatment for the professionals retained by a creditors' committee from that provided for the professionals retained by the debtor with respect to a professional fee carve out. | No. |
| Provisions that prime any secured lien. | No. |

**PLEASE FURTHER NOTICE** that this Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant's counsel at the address set forth above no less then fourteen (14) days prior to the hearing date. If you fail to file a written response to this Motion, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

**WHEREFORE**, the Debtor prays that the Court enter an order granting the relief requested above, and such additional relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 10, 2015

JEFFREY S. SHINBROT, APLC

By: _____
Jeffrey S. Shinbrot, Proposed Attorney for Leonarda Guadalupe Aguilar

CASH COLLATERAL MOTION

1
2

## MEMORANDUM AND POINTS AND AUTHORITIES

### I.

3
4

### CASE BACKGROUND AND SUMMARY OF THE MOTION

5        A.      Background of the Debtor and Events Precipitating This Filing

6              LEONARDA GUADALUPE AGUILAR, the debtor and debtor-in-possession in

7        the above entitled Chapter 11 proceeding (the "Debtor") is an individual whose two

8        principal assets are a residential duplex commonly known as 10487 Laurel Canyon Blvd.,

9        in Pacoima California (the "Pacoima Property"), which is encumbered by a First Deed of

10       Trust in favor or WELLS FARGO BANK ("WELLS FARGO") and 13781 Eldridge

11       Avenue in Sylmar, California (the "Sylmar Property"), which is encumbered by a First

12       Deed of Trust in favor of HSBC BANK USA ("HSBC")(collectively the two properties

13       are referred to as the "Real Properties").  The purpose of the instant chapter 11 filing was

14       to prevent a foreclosure sale on the Sylmar Property and to thereafter attempt sale or

15       workout of the Sylmar Property's mortgage obligation to HSBC.

16       B.      Bankruptcy Rule 4001 and Concise Statement of Relief

17              The Debtor proposes to use of cash collateral to maintain the Real Properties by

18       making minimal expense payments set forth in the budget annexed hereto and property

19       tax payments as well as the regular mortgage payment due to WELLS FARGO, which

20       was current on the Petition Date. The Debtor proposes to use cash collateral through the

21       date fixed by the Court, or since the instant motion is being heard on regular notice, on a

22       final basis through chapter 11 plan confirmation.  Without the relief requested, the Debtor

23       will be unable to pay for ordinary course expenses such as the gardener, pool maintenance

24       and property taxes.

25       ///

26       ///

27       ///

28

1                          CASH COLLATERAL MOTION

## II.

## SECURED DEBT STRUCTURE OF THE DEBTOR

## AND VALUE OF SECURITY

The Sylmar Property is encumbered by one secured claim, HSBC, whose claim is approximately $1,480,000.00, and the property is valued at approximately $800,000.00. Likewise, the Pacoima Property has one secured creditor, Wells Fargo, whose claim is approximately $392,500, against collateral valued at approximately $400,000.[1] The Debtor is informed and believes that the value of the Real Properties has reached bottom, is now increasing and with the use of cash collateral, the value will continue increase from its current point. *See* Aguilar Declaration and attached budget (the "Budget").

The Debtor seeks to use the cash collateral of HSBC and WELLS FARRGO in accordance with the terms and conditions set forth in this Motion and pursuant to the Budget. To protect HSBC and WELLS FARGO's interests, each will retain its liens on all collateral for which it held validly perfected, enforceable pre-petition liens, and to the rents, profits and proceeds of such collateral. The Debtor will provide periodic accountings reflecting all collections and disbursements made by the Debtor in the form of United States Trustee Monthly Operating Reports. As will be demonstrated below, the Debtor's Cash Collateral proposal meets the burden established by Section 363 of the Bankruptcy Code.

## III.

## THE DEBTOR SHOULD BE AUTHORIZED TO USE

## CASH COLLATERAL PURSUANT TO 11 U.S.C. §363

The provisions of 11 U.S.C. §363(c)(2) govern the use of cash collateral. Section 363(c)(2) provides, in pertinent part, as follows:

The trustee may not use, sell or lease cash collateral . . . unless:

---

[1] The Eldridge Property also was secured by a home equity loan from The Money Store Financial which has been voluntarily discharged by the lender.

CASH COLLATERAL MOTION

A.     Each entity that has an interest in such cash collateral consents; or

B.     The court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

*11 U.S.C. § 363.*

The Court, however, may authorize use of a creditor's cash collateral in the absence of creditor consent. Section 363(e) of the Bankruptcy Code provides that, upon the request of an entity that has an interest in property proposed to be used by the debtor, the court must prohibit or condition such use "as is necessary to provide adequate protection of such interest." Therefore, this Court may authorize the Debtor's use of any Cash Collateral upon determining that his interests the cash collateral will be adequately protected. *In re McCombs Properties VI, Ltd.*, 88 B.R. 261 (Bankr. C.D. Cal. 1988).

In the case of *United Savings Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365; 108 S. Ct. 626 (1988), the United States Supreme Court analyzed and quantified the parameters of the "interest in property," referenced in Sections 362(d)(1), 361 and 363(e), which the Bankruptcy Code undertakes to protect, where required, through adequate protection. This analysis led the Court in Timbers to the conclusion that the "interest in property" referenced in the above sections of the Bankruptcy Code means, and is limited to, the "value of the collateral." Id. Therefore, under the *Timbers* analysis, the adequate protection provisions in the Bankruptcy Code only protect a secured creditor from a potential diminution in the value of that creditor's collateral during the post-petition period. *Id.*

The "value" oriented adequate protection analysis adopted by the Supreme Court in the Timbers case has been closely adhered to by the courts that have subsequently had occasion to address this issue. See e.g., *In re Ledgemere Land Corp.*, 116 B.R. 338, 343 (Bankr. D. Mass. 1990) [so long as the receivables being collected and used by the debtor are being replaced by sufficient new receivables in which the creditor is granted a security interest, creditor is adequately protected]; *In re Johnson*, 90 B.R. 973, 978 (Bankr. D.

Minn. 1988) [since value of the collateral has not declined, secured creditor is not impaired and is not entitled to receive adequate protection payments]; *In re Century Inv. Fund VII Ltd. Partnership*, 96 B.R. 884, 887 (Bankr. E.D. Wis. 1989) [where value appears to be stable, secured creditor is not entitled to adequate protection payments]; *In re Kessler*, 86 B.R. 134, 136 (Bankr. C.D. Ill. 1988) [under Timbers, secured creditors are not entitled to adequate protection payments, as there was no showing that collateral was depreciating in value]; *In re Anderson*, 88 B.R. 877, 889 (Bankr. N.D. Ind. 1988) [secured creditor required to show a necessity for adequate protection by showing a decline in asset value from the petition date]. Secured creditors are not entitled to adequate protection of their interest in the underlying income producing real property because the basic method of valuation for income producing properties is predicated on the rental income stream. Therefore, the fair market value of the real property is equal to the present value of the rental income over some extended period of time, plus residual value. *In re Citicorp Park Assocs.*, 180 B.R. 15, 18 (Bankr. D. Me. 1995). If the value of the income producing property is not declining, and the debtor is using the rental income to properly maintain the property, insure it, and pay real estate taxes, a secured creditor with a mortgage and an assignment of rents is adequately protected because its interest in property is not declining in value. *Id*.

The use of cash collateral for the preservation of the value of a secured creditor's lien is in and of itself sufficient to provide adequate protection to a secured creditor for use of those funds. *Federal Natl. Mortgage v. Dacon Bollingsbrook Associates Limited Partnership,* 153 B.R. 204;214 (N.D. Ill 193); *In re Oak Glen R-Vee,* 8 B.R. 213, 216 (Bankr. C.D. Cal. 1981). The law is clear: no adequate protection payments are required unless there is a decline in the value of the secured creditor's collateral that actually impairs the creditors' secured claim. As set forth below, the Debtor's request to use cash collateral does not jeopardize any creditor's collateral.

## IV.

## THE DEBTOR HAS MET ITS ADEQUATE PROTECTION BURDEN

Under the Debtor's cash collateral proposal, HSBC and Wells Fargo interest in cash collateral will be adequately protected because each are protected from a diminution in value through replacement liens and through the maintenance and preservation of the Debtor's Real Properties. The Debtor proposes that HSBC and Wells Fargo be granted replacement liens, to the same extent, validity and priority as they now hold, on property acquired with cash collateral with a value equal to the amount of the cash collateral expended by the Debtor.

In summary, the Aguilar Declaration provides evidence to establish with reasonable certainty that HSBC and Wells Fargo interest in cash collateral is, and will continue to be, adequately protected.

## V.

## THE DEBTOR REQUESTS THAT THE COURT SCHEDULE A FINAL HEARING ON THIS MOTION IF IT DEEMS NECESSARY

Federal Rule of Bankruptcy Procedure 4001 provides that the Court may commence a final hearing on this Motion no earlier than 14 days after service of the Motion. Since the instant motion is being heard on in excess of 14 days notice  Rule 4001 is satisfied; however it the Court choses to grant relief on an interim basis only, the Debtors respectfully requests that a final hearing on this issue should be held at the Court's convenience.

## VI.

## CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, the interests of HSBC and Wells Fargo are adequately protected.  In light of the foregoing, the Debtor respectfully requests that this Court enter its Order:

CASH COLLATERAL MOTION

(1)    Authorizing the immediate use of all cash and cash equivalents on hand and hereafter received to pay ordinary operating expenses in accordance with the cash flow projections/budget attached, as Exhibit "1" to the accompanying Aguilar Declaration, and permitting the carryover of any unused but authorized use of cash from month-to-month;

(2)    Authorizing the Debtor to exceed any line item in the budget by up to fifteen percent (15%) in any one month, as long as the overage for all items in the aggregate does not exceed fifteen percent (15%) of the total budget amount for that month, with the budget savings in one month to be carried over into subsequent months;

(3)    Setting a final hearing on the Motion if the Court deems necessary; and

(4)    Granting such further relief as the Court deems just and proper.

Dated: June 10, 2015                       JEFFREY S. SHINBROT, APLC

By: _____
           JEFFREY S. SHINBROT, ESQ.
           Proposed Reorganization Counsel for
           Debtor-In-Possession

## DECLARATION OF LEONARDA GUADALUPE AGUILAR

I, LEONARDA GUADALUPE AGUILAR, hereby declare and state as follows:

1.     I am over the age of eighteen and I am the (the "Debtor"). As to the following facts, I know them of my own personal knowledge, except where stated on information and belief, and if called as a witness, I could and would testify as set forth herein.

2.     On April 23, 2015, (the "Petition Date"), I filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). I am continuing in the operation and management of my business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.     My principal assets are a residential duplex commonly known as 10487 Laurel Canyon Blvd., in Pacoima California (the "Pacoima Property"), which is encumbered by a First Deed of Trust in favor or WELLS FARGO BANK ("WELLS FARGO") and 13781 Eldridge Avenue in Sylmar, California (the "Sylmar Property"), which is encumbered by a First Deed of Trust in favor of HSBC BANK USA ("HSBC")(collectively the two properties are referred to as the "Real Properties"). The purpose of the instant chapter 11 filing was to prevent a foreclosure sale on the Sylmar Property and to thereafter attempt sale or workout of the Sylmar Property's mortgage obligation to HSBC.

4.     The Sylmar Property is encumbered by one secured claim, HSBC, whose claim is approximately $1,480,000.00. Based on comparable properties, I am informed and I believe that the property is valued at approximately $800,000.00.

5.     Likewise, the Pacoima Property has one secured creditor, Wells Fargo, whose claim is approximately $392,500. Based on comparable properties, I am informed and I believe that the property is valued at approximately $400,000. The Eldridge Property also was secured by a home equity loan from The Money Store Financial which I am informed and I believe has been voluntarily discharged and reconveyed by the lender.

CASH COLLATERAL MOTION

6.      Based on general market conditions, I am informed and believe that the value of the Real Properties has reached bottom, the values are now increasing and with the use of cash collateral, the value will continue increase from its current point. Without the use of cash collateral, I will have no funds to pay for maintenance, upkeep, insurance and property taxes.

7.      My proposed budget for the Real Properties is annexed hereto as Exhibit "1," that budget includes my proposal to make regular mortgage payments to WELLS FARGO.

8.      The most recent mortgage statements from WELLS FARGO and the notice of trustee's sale for HSBC, received by me and kept by me in the ordinary course of business, are annexed hereto as Exhibit "2."

9.      I am informed and believe that the secured is adequately protected because: (i) the use of cash collateral will fund the maintenance of the real property subject to its claim; (ii) the value of HSBC and Wells Fargo collateral is increasing based on market conditions and (iii) subject to this Court's approval, each lender will have replacement liens in the rents, profits and proceeds of its collateral.

10.     I will provide periodic accountings reflecting all collections and disbursements made in the form of Monthly Operating Reports as required by the Office of the United States Trustee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 10 day of June, 2015, in Los Angeles, California.


*Leonarda Guadalupe Aguilar*
Leonarda Guadalupe Aguilar

CASH COLLATERAL MOTION

**EXHIBIT 1**

CASH COLLATERAL BUDGET

(10487 Laurel Canyon, Pacoima, California)

| | May, 2015 | June, 2015 | July, 2015 | August, 2015 |
|---|---|---|---|---|
| RENTAL INCOME FROM TENANT | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| CONTRIBUTION FROM PARENTS | $775.00 | $775.00 | $775.00 | $775.00 |
| TOTAL | $1,775.00 | $1,775.00 | $1,775.0 | $1,775.00 |
| EXPENSES: | | | | |
| Wells Fargo Payment | $1,771.55 | $1,771.55 | $1,771.55 | $1,771.55 |
| Property Taxes | included in Wells Fargo payment | included in Wells Fargo payment | included in Wells Fargo payment | Included in Wells Fargo payment |
| *all other payments related to the property paid by co-owner parents | | | | |
| Net (Estimated) | $3.45 | $3.45 | $3.45 | $3.45 |

CASH COLLATERAL BUDGET

(13781 Eldridge Avenue, Sylmar, California)

| | May, 2015 | June, 2015 | July, 2015 | August, 2015 |
|---|---|---|---|---|
| CONTRIBUTION FROM FAMILY (ABRAHAM AND VINCENTE AGUILAR | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 |
| EXPENSES: | | | | |
| Property Taxes | $1,250.00 | $1,250.00 | $1,250.00 | $1,250.00 |
| Insurance | $144.83 | $144.83 | $144.83 | $144.83 |
| Total Expenses | $1,394.83 | $1,394.83 | $1,394.83 | $1,394.83 |
| Net (Estimated) | $2,605.17 | $2,605.17 | $2,605.17 | $2,605.17 |

**EXHIBIT 2**



**This page is part of your document - DO NOT DISCARD**



## 20150320061





**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/25/15 AT 08:00AM**

| | |
|---|---|
| FEES: | 31.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 31.00 |



**L E A D S H E E T**



201503250260024

**00010325178**

006717402

**SEQ:**
**01**

**ERDS - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**



E12

RECORDING REQUESTED BY
Western Progressive, LLC

AND WHEN RECORDED MAIL TO:
Western Progressive, LLC
Northpark Town Center
1000 Abernathy Rd NE, Bldg 400, Suite 200
Atlanta, GA 30328

---

| | | SPACE ABOVE THIS LINE FOR RECORDER'S USE |
|---|---|---|
| T.S. No.: 2012-20682 | Loan No.: 20091252 | A.P.N.: 2503-010-029 |

## NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE TO PROPERTY OWNER:
**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 4/25/2006.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

Trustor: **LEONARDA G AGUILAR, A SINGLE WOMAN.**
Duly Appointed Trustee: **Western Progressive, LLC**
Recorded 5/24/2006 as Instrument No. 06 1139391 in book ---, page --- **and rerecorded on --- as ---** of Official
Records in the office of the Recorder of **Los Angeles** County, California,
Date of Sale: **4/27/2015 at 11:00 AM**
Place of Sale:    **BEHIND THE FOUNTAIN LOCATED IN CIVIC CENTER PLAZA, 400 CIVIC CENTER PLAZA, POMONA, CA**
Estimated amount of unpaid balance and other charges: **$1,408,778.52**

WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, A SAVINGS ASSOCIATION OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

TS No. 2012-20682

All right, title and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described as;

Street Address or other common designation of real property: **13781 ELDRIDGE AVENUE, SYLMAR, CALIFORNIA 91342**
A.P.N.: **2503-010-029**

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.

The sale will be made, but without covenant or warrant, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust. The total amount of the unpaid principal balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is : **$1,408,778.52**

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

The beneficiary of the Deed of Trust has executed and delivered to the undersigned a written request to commence foreclosure, and the undersigned caused a Notice of Default and Election to Sell to be recorded in the county where the real property is located.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on this property.

Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt.

CA NOS 0614

TS No. 2012-20682

NOTICE TO PROPERTY OWNER:  The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code.  The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale.  If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **(866)-960-8299** or visit this Internet Web site http://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices/Sales.aspx using the file number assigned to this case **2012-20682**.  Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information.  The best way to verify postponement information is to attend the scheduled sale

Date: 3/20/2015          **Western Progressive, LLC, as Trustee**
                         **c/o 30 Corporate Park, Suite 450**
                         **Irvine, CA 92606**
                         **Automated Sale Information Line: (866) 960-8299**
                         http://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices/Sales.aspx
                         **For Non-Automated Sale Information, call: (866) 240-3530**

                         Camisha Scott, Trustee Sales Assistant

### THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

CA NOS 0614



WELLS FARGO HOME MORTGAGE

Return Mail Operations
PO Box 14411
Des Moines, IA 50306-3411

| | |
|---|---|
| Statement date | 04/15/15 |
| Loan number | 0150293066 |

Property address
10487 LAUREL CANYON BLVD
LOS ANGELES CA 91331

## Customer Service

Online
wellsfargo.com

Fax
1-866-278-1179

Telephone
1-877-499-2107

Correspondence
PO Box 10335
Des Moines, IA 50306

Hours of operation
Mon - Fri 6 a.m. - 10 p.m.
Sat 8 a.m. - 2 p.m. CT

Payments
PO Box 30427
Los Angeles CA 90030

Purchase or refinance
1-866-867-3026

We accept telecommunications relay service calls.

1AT 06914/070914/006914 0218  1 AGSV2Y 708
VICENTE M AGUILAR
10487 LAUREL CANYON BLVD
PACOIMA, CA 91331-3660

## Payment summary

| | |
|---|---|
| Principal | $1,021.45 |
| Interest | $654.14 |
| Escrow | $95.96 |
| Current payment | $1,771.55 |

| | |
|---|---|
| Total payment due 05/01/15 | $1,771.55 |
| After 05/16/15 a late charge may apply | $83.78 |

## Balance summary

| | |
|---|---|
| Unpaid principal balance | $392,483.70 |
| Escrow balance | $189.52 |
| *(Contact Customer Service for your payoff balance)* | |
| Interest rate (Until 01/01/16) | 2.000% |
| Maturity date | 02/40 |

## Year to date summary

| | |
|---|---|
| Total received* | $7,200.00 |
| Principal | $4,182.1 |
| Interest** | $2,634.00 |
| Escrow | $383.8 |
| Taxes disbursed | $366.50 |
| Insurance disbursed | $431.3 |

*This total may include the Unapplied funds balance from the Balance summary section.
**This information should not be used for tax purposes. If you have tax related questions please consult your tax advisor.

## Activity since your last statement

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 04/15 | Payment | $1,771.55 | $1,019.70 | $655.89 | $95.96 | |
| 04/15 | Principal payment | $28.45 | $28.45 | | | |
| 04/08 | Hazard insurance pmt | | | | $431.33- | FARMERS INSURANCE GROUP |
| 03/25 | County tax payment | | | | $366.50- | LOS ANGELES COUNTY (W) |

## Important messages



TRAT-S-070914/006914 AGSV2Y S2-ET-M1-C009

**EXHIBIT 3**

1  JEFFREY S. SHINBROT, ESQ.
   (SBN 155486)
2  jeffrey@shinbrotfirm.com
   JEFFREY S. SHINBROT, APLC
3  8200 Wilshire Boulevard, Suite 400
   Beverly Hills, California 90211
4  Telephone:  (310) 659-5444
   Fax (310) 878-8304
5
   Proposed Reorganization Counsel to Chapter 11
6  Debtor and Debtor-in-Possession

7

8                    UNITED STATES BANKRUPTCY COURT

9           CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION

10

11  In re                              Case No. 2:15-bk-16443-RN

12  LEONARDA GUADALUPE AGUILAR,        Chapter 11
    an individual
13
            Chapter 11 Debtor and     **ORDER APPROVING USE OF CASH**
14          Debtor-In-Possession.      **COLLATERAL ON A FINAL BASIS**

15                                      Hearing Date/Time/Place

16
                                       **Date:**  July 21, 2015
17                                     **Time:**  9:30 a.m.
                                       **Place:**  Courtroom 1645
18                                              255 E. Temple Street
                                                Los Angeles, California
19

20        The Court having considered the Motion of Leonarda Guadalupe Aguilar, an individual,

21  for an order authorizing the immediate use of all cash and cash equivalents on hand and hereafter

22  received, on an interim basis, to pay its ordinary and necessary operating expenses (the

23  "Motion"), hereby Orders as follows:

24      1.  The Debtor is Authorized use all cash and cash equivalents as set forth in the budget

25          annexed to the Motion as Exhibit "1" (the "Budget") through August 31, 2015.

26      2.  The Debtor may exceed any line item in the Budget by up to fifteen percent (15%) in

27          any one month, as long as the overage for all items in the aggregate does not exceed

28

                                        -1-        **ORDER AUTHRORIZING USE OF**
                                                   **CASH COLLATERAL**

1

2

fifteen percent (15%) of the total budget amount for that month, with the savings in

one month to be carried over into subsequent months.

3

3. Creditors holding a secured interest is cash collateral are hereby granted replacement

4

liens to the same validity and priority as their pre-Petition Date liens.

5

6

**IT IS SO ORDERED**.

7

8

\#\#\#\#\#

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

8200 Wilshire Blvd., Suite 400
Beverly Hills, CA  90211

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION FOR DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL ON AN FINAL BASIS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LEONARDA GUADALUPE AGUILAR IN SUPPORT THEREOF:** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**X   1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6/11/2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Leslie M Klott    bankruptcy@zievelaw.com
- Kenneth G Lau    kenneth.g.lau@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**X   2.   SERVED BY UNITED STATES MAIL**:  On (*date*) 06/11/2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**X   3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   05/27/2015   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Richard M. Neiter (Via Attorney Service)
U.S. Bankruptcy Court
255 E. Temple Street, bin outside of Suite 1652
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 6/11/2015 | Sandra Rodriguez | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                      **F 9013-3.1.PROOF.SERVICE**

**TOP 20 UNSECURED CREDITORS**

HSBC Bank USA, National Association
1800 Tysons Blvd.,
McLean, VA  22102

Wells Fargo Bank, NA
MAC D3347-014
3476 Statview Blvd.
Fort Mill, SC  29715

The Mortgage Store Financial Inc.
707 Wilshire Blvd.
Los Angeles, CA  90017-3501

Cach, LLC
1101 Capital Of Texas Hwy., Bldg. K #150
Austin, TX  78746

Franchise Tax Board
Bankruptcy Section MS: A-340
PO Box 2952
Sacramento, CA  95812-2952

Capital One Bank
C/O Portfolio Recovery Associates, LLC
P.O. Box 41067
Norfolk, VA  23541

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

Marshack Medical MSO
8447 Wilshire Blvd., Suite 202
Beverly Hills, CA  90211

Asset Acceptance, LLC
PO Box 2036
Warren, MI  48090

WFNNB-The Avenue
P.O. Box 659584
San Antonio, TX  78265

Progressive Management Systems
1521 W. Cameron Avenue Fl. 1
West Covina, CA  91790

Pacific Gas & Electricity
P.O. Box 11265
New York, NY  10286

Credit Protection Association
PO Box 7813
Baldwin Park, CA  91706-3000

Cain and Weiner
21210 Erwin Street
Woodland Hills, CA 91367

Midland Funding, LLC
By American Info Source LP As Agent
PO Box 4457
Houston, TX  77210-4457

Herbert P. Sears Collection Agency
PO Box 1231
Bakersfield, CA  93303