LAW OFFICES OF LES ZIEVE
Brian H. Tran, Esq. #255577
Leslie M. Klott, Esq. #279622
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone:       (714) 848-7920
Facsimile:   (714) 908-7807
Email:       bankruptcy@zievelaw.com

Attorneys for Secured Creditor, HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP5, Asset Backed Pass-Through Certificates c/o Ocwen Loan Servicing

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| IN RE: | Case No.: 2:15-bk-16443-RN |
|---|---|
| Leonarda Guadalupe Aguilar, | Chapter 11 |
|  | **Hearing** |
| Debtor. | Date: July 21, 2015 |
|  | Time: 9:30 A.M. |
|  | Place: U.S. BANKRUPTCY COURT |
|  |        255 E. Temple Street |
|  |        Los Angeles, CA 90012 |
|  |        Courtroom 1645 |

**SECURED CREDITOR'S OPPOSITION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF REAL PROPERTY LOCATED AT 13781 ELDRIDGE AVENUE, SYLMAR, CA 91342**

Comes now, HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP5, Asset Backed Pass-Through Certificates c/o Ocwen Loan Servicing, a secured creditor and a party in interest ("Secured Creditor") and the holder of a first priority security interest in real property of the estate identified in Leonardo Guadalupe Aguilar's

1

("Debtor") Motion for Use of Cash Collateral ("Cash Collateral Motion") as **13781 Eldridge Avenue, Sylmar, CA 91342** ("Sylmar Property") and in support of its Opposition, Secured Creditor states as follows:

Debtor filed a voluntary Chapter 11 petition on April 23, 2015.

Debtor filed a Motion for Use of Cash Collateral ("Motion") on June 11, 2015 to be heard on July 21, 2015.

Debtor's Cash Collateral Motion lists two parcels of real property, including the Sylmar Property. According to the Motion, the Sylmar Property generates $4,000.00 in monthly rental income and has monthly expenses of $1,250 for property taxes and $144.83 for insurance leaving a net monthly income of $2,605.17. Debtor proposes to pay Secured Creditor zero adequate protection payments from the cash collateral.

Debtor's Schedule A indicates the Sylmar Property is worth $800,000.00. Secured Creditor will be filing a proof of claim setting forth a total claim in the approximately amount of $1,391,311.52 and pre-petition arrears of approximately $491,046.96. Thus there is no equity in the Sylmar Property. Secured Creditor maintains an impound account for the payment of real property taxes and insurance for the Sylmar Property. According to Secured Creditor, the monthly post-petition mortgage payment owed to Secured Creditor totals $8,169.77 which includes $6,947.92 for principal and interest and escrow of $1,221.35.

### **ARGUMENT**

11 U.S.C. § 363(c)(4) requires the Debtor to segregate and account for cash collateral under Debtor's control. *In re Rebel Rents, Inc.*, 307 B.R. 171, 182 (Bankr. C.D. Cal. 2002)(absent consent or Court authorization a debtor has an affirmative duty to segregate and account for any cash collateral). A Debtor may use cash collateral for maintaining and operating the real property. *In re Oak Glen R-Vee*, 8 B.R. 213, 216 (Bankr. C.D. Cal. 1981); *In re Tucson*

*Industrial Partners*, 129 B.R. 614 (9th Cir. B.A.P. 1991).  Cash Collateral is subject to dissipation by its very nature and as such cash collateral may only be used with the consent of the secured creditors affected or with court approval in accordance with 11 U.S.C. § 363(c)(2).   The Court should also make a finding that the interests of creditors in cash collateral are adequately protected before authorizing its use.  *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984); *In re McCombs Properties, VI, Ltd.*, 88 B.R. 261, 265 (Bankr. C.D. Cal. 1988).

Since the filing of the case on April 23, 2015, the Debtor has provided no evidence of the amount of rental income derived from the Sylmar Property other than Debtor's declaration attached to the Motion for Cash Collateral.  Debtor has produced no evidence concerning any cash collateral collected nor has the Debtor produced any evidence or accounting that Debtor has segregated the cash collateral and has not dissipated the cash collateral.

The Sylmar Property has no equity and thus Secured Creditor's interest is not adequately protected.  Secured Creditor is entitled to adequate protection payments to properly protect its interest.  As the taxes and insurance are impounded and included in the monthly payment, Debtor does not need to provide for these expenses separately in his budget.  Assuming the Sylmar Property generates $4,000.00 in monthly income as indicated by the Debtor, Secured Creditor should be entitled to the entire $4,000.00, which is less than half of the regular post-petition monthly payment.  If the Debtor is to be authorized to use Secured Creditor's cash collateral the Debtor should be directed to maintain adequate protection payments on the secured obligation to Secured Creditor first before being able to use such funds for other personal expenditures or expenses of administration of the bankruptcy case.

## **CONCLUSION**

Accordingly, Secured Creditor requests that the Court condition the use of cash collateral upon an accounting for any cash collateral in the Debtor's possession, custody or control and

1 upon a finding that the interest of Secured Creditor is adequately protected by requiring payment
2 on the secured obligation to the Secured Creditor which already includes real estate taxes and
3 insurance before the Debtor is permitted to use the cash collateral for personal expenditures or
4 expenses of administration of the bankruptcy case, and for such other and further relief as the
5 Court deems just and proper.

LAW OFFICES OF LES ZIEVE

Dated: 7/7/2015         By:   /s/ Leslie M. Klott
                              Leslie M. Klott., Esq.
                              Attorney for Secured Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
30 Corporate Park, Suite 450
Irvine, CA 92606

A true and correct copy of the foregoing document entitled (*specify*): **SECURED CREDITOR'S OPPOSITION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF REAL PROPERTY LOCATED AT 13781 ELDRIDGE AVENUE, SYLMAR, CA 91342** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 7, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> Jeffrey S Shinbrot, Attorney         jeffrey@shinbrotfirm.com
> Kenneth G Lau, Attorney              kenneth.g.lau@usdoj.gov
> Kelly L Morrison, Attorney           kelly.l.morrison@usdoj.gov
> United States Trustee (LA)           ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 7, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR
Leonarda Guadalupe Aguilar
241 Redondo Avenue # 6
Long Beach, CA 90803

PRESIDING JUDGE
United States Bankruptcy Court
Chambers of Honorable Richard M. Neiter
255 E. Temple Street, Suite 1652
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 7, 2015 | Michele Dapello | /s/ Michele Dapello |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**