United States Bankruptcy Court
Central District of California

In re:  
Leonarda Guadalupe Aguilar  
    Debtor

Case No. 15-16443-RN  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0973-2     User: pjonesC     Page 1 of 1     Date Rcvd: Oct 08, 2015  
                         Form ID: pdf042     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 10, 2015.  
db             +Leonarda Guadalupe Aguilar,    241 Redondo Avenue # 6,    Long Beach, CA 90803-5924

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                      TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 10, 2015                                  Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 8, 2015 at the address(es) listed below:

         Jeffrey S Shinbrot    on behalf of Debtor Leonarda Guadalupe Aguilar jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com  
         Kelly L Morrison    on behalf of U.S. Trustee    United States Trustee (LA) kelly.l.morrison@usdoj.gov  
         Kenneth G Lau    on behalf of U.S. Trustee    United States Trustee (LA) kenneth.g.lau@usdoj.gov  
         Leslie M Klott    on behalf of Creditor    OCWEN LOAN SERVICING, LLC bankruptcy@zievelaw.com  
         Leslie M Klott    on behalf of Creditor    HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP5, Asset Backed bankruptcy@zievelaw.com  
         Lindsey L Smith    on behalf of Interested Party    Courtesy NEF lls@lnbyb.com, lls@ecf.inforuptcy.com  
         Steven Archer    on behalf of Creditor    Kiesel Law LLP and Wyatt Law Firm, LTD. archer@kiesel-law.com  
         United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

                                                                                                               TOTAL: 8

 

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re:

**Leonarda Guadalupe Aguilar**

        Debtor

Case No. LA 2:15-16443 RN

Chapter 11

ORDER SCHEDULING CHAPTER 11 STATUS CONFERENCE

Date: October 29, 2015
Time: 2:00 p.m.
Place: Courtroom 1645
       255 East Temple St.,
       Los Angeles, CA 90012

    Pursuant to 11 U.S.C. §105(d)(2)(B), a status conference will be held on the date set forth above at the United States Bankruptcy Court, Roybal Building, 255 East Temple Street, Courtroom 1645, Los Angeles, California 90012, to further the expeditious and economical resolution of the problems encountered in this case by, among other things, establishing realistic deadlines, managing litigation, encouraging active participation by the parties in interest in this case, facilitating settlement of disputed matters, avoiding unnecessary administrative costs and fees, and moving this case along through the process of confirming a plan of reorganization or liquidation.

1

1    At the conference (or any continued status conference), the Court may consider and take any of the following actions without further notice:

(1) set a date by which the debtor or trustee, if one has been appointed, shall file a disclosure statement and a plan of reorganization or liquidation;

(2) set dates for the hearings required to approve the disclosure statement and to confirm the chapter 11 plan;

(3) dismiss the case or convert it to another chapter;

(4) order the appointment of a chapter 11 trustee;

(5) establish deadlines for the filing of claims, objections to claims and requests for payment of administrative expenses;

(6) set a date by which the debtor, the trustee, if one has been appointed, or some other party in interest shall solicit acceptances of the plan;

(7) fix the scope and format of the notices to be provided regarding the hearing on approval of the disclosure statement, voting on the plan, and the hearing to confirm the plan;

(8) provide that the hearing for the approval of the disclosure statement and confirmation of the plan may be combined, if appropriate;

(9) set deadlines for assuming, assuming and assigning or rejecting executory contracts and unexpired leases;

(10) set deadlines for compliance with reporting and other requirements of the debtor in possession or trustee (if one is appointed); and/or

//

//

1   (11)   adopt special procedures for managing adversary proceedings, contested matters and such other matters as may aid in the progress of the chapter 11 case.

**IT IS HEREBY ORDERED** that an officer of the debtor familiar with the debtor's business, its chapter 11 petition, schedules and statement of financial affairs, and the debtor's counsel should be present at the status conference; so should counsel for the official committee of unsecured creditors, if a committee has been appointed. Counsel for the United States Trustee assigned to this case should also appear. **Any other interested parties may also appear.** All parties should be prepared to address the items listed hereinbefore and those listed hereinafter to the extent those issues may apply to them.

**IT IS FURTHER ORDERED** that no later than fourteen (14) days prior to the scheduled status conference, the debtor shall file with the Court and serve on the parties identified below a written status report that includes the following information:

(a) A brief description of the debtor's business and operations, including the principal assets and liabilities of the debtor's estate (or each of the debtor's estate, if there is more than one debtor).

(b) A brief answer to the following questions or explanation of the matters indicated:

   1. What precipitated the filing of this case?
   2. What is the goal of the debtor?

//
//
//

3

3. What are the principal business and financial problems and legal disputes to be resolved; how does the debtor intend to resolve such disputes and problems; and how long does the debtor estimate it will take to solve these problems and disputes?

4. Has the debtor complied with the duties set forth under 11 U.S.C. §§ 521, 1107 and F.R.B.P. 1007?

5. Is the debtor a small business as contemplated by 11 U.S.C. § 101(51D)? and

6. Does this case qualify as a single asset real estate case as contemplated by 11 U.S.C. § 101(51B)?

(c) The identity of all professionals retained or to be retained by the estate, the services to be rendered, and an estimated monthly budget for professional fees and costs.

(d) In operating cases, a budget showing projected income, expenses and cash flow for the first six months of the case on a month by month basis and a comparison to historic actual income, expenses and cash flow for the last twelve months preceding the filing of this case one month by month basis.

(e) The debtor's intent to use cash collateral and how anyone claiming an interest therein will be adequately protected.

(f) The proposed deadlines for filing claims, objections to disputed claims, a plan of reorganization or liquidation, and a disclosure statement.

(g) Payments or and other issues related to adequately protecting the providers of utilities used by the debtor.

(h) The principal issues related to the debtor's assuming, assuming and assigning or rejecting unexpired leases and executory contracts, including the debtor's intention or time table for deciding

if it will assume, assume and assign or reject such leases and executory contracts.

**IT IS FURTHER ORDERED** that the debtor shall serve a copy of this order on its twenty largest unsecured creditors, its principal secured creditors and their counsel, counsel the official committee of unsecured creditors, if any, the United States Trustee, and any other parties in interest that the debtor believes will be participating actively in the case.

Dated: October 8, 2015

RICHARD M. NEITER
UNITED STATES BANKRUPTCY JUDGE

# SERVICE LIST

**PARTIES SERVED ELECTRONICALLY**

- Steven Archer    archer@kiesel-law.com
- Leslie M Klott    bankruptcy@zievelaw.com
- Kenneth G Lau    kenneth.g.lau@usdoj.gov
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov