JEFFREY S. SHINBROT, ESQ.
(SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
8200 Wilshire Boulevard, Suite 400
Beverly Hills, California 90211
Telephone:  (310) 659-5444
Fax (310) 878-8304

Attorneys for Chapter 11 Debtor
Leonarda Guadalupe Aguilar

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LEONARDA GUADALUPE AGUILAR,<br><br>                Debtor | Bk. No. 2:15-bk-16443-RN<br><br>In a Case Under Chapter<br>11 of the Bankruptcy Code<br>(11 U.S.C. § 1101 *et seq.*)<br><br>**DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN (CLEAN VERSION)**<br><br>Disclosure Statement Hearing<br><br>Date:         March 31, 2016<br>Time:         2:00 p.m.<br>Ctrm:        1645<br>Court Address: 255 East Temple St.,<br>                       Los Angeles, CA 90012<br><br>Plan Confirmation Hearing<br>See Disclosure Statement for<br>Voting and Objecting Procedures<br><br>Date:         June 9, 2016<br>Time:         2:00 p.m.<br>Ctrm:        1645<br>Court Address: 255 East Temple St.,<br>                       Los Angeles, CA 90012 |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 3

II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ...................... 3

    A.    General Overview ......................................................................................... 3

    B.    Unclassified Claims ...................................................................................... 3

        1.    Administrative Expenses ................................................................... 3

        2.    Priority Tax Claims ........................................................................... 4

    C.    Classified Claims and Interests .................................................................... 6

        1.    Classes of Secured Claims ................................................................ 6

        2.    Classes of Priority Unsecured Claims ............................................... 8

        3.    Class of General Unsecured Claims .................................................. 8

        4.    Class(es) of Interest Holders ............................................................ 9

    D.    Means of Performing the Plan ...................................................................... 9

        1.    Funding for the Plan ......................................................................... 9

        2.    Post-Confirmation Management ...................................................... 10

        3.    Disbursing Agent ........................................................................... 10

III. TREATMENT OF MISCELLANEOUS ITEMS ...................................................... 10

    A.    Executory Contracts and Unexpired Leases ................................................ 10

        1.    Assumptions ................................................................................... 10

        2.    Rejections ...................................................................................... 10

    B.    Changes in Rates Subject to Regulatory Commission Approval .................... 10

    C.    Retention of Jurisdiction ............................................................................. 10

IV. EFFECT OF CONFIRMATION OF PLAN ............................................................ 10

    A.    Discharge .................................................................................................. 10

    B.    Revesting of Property in the Debtor ............................................................ 11

C.    Modification of Plan ............................................................................. 11

D.    Post-Confirmation Status Report ......................................................... 11

E.    Quarterly Fees ...................................................................................... 11

F.    Post-Confirmation Conversion/Dismissal ........................................... 11

G.    Final Decree .......................................................................................... 12

Debtor's Second Amended Chapter 11 Plan

# I.

## INTRODUCTION

LEONARDA GUADALUPE AGUILAR ("Debtor" or "Proponent") is the Debtor in a Chapter 11 bankruptcy case. On April 23, 2015, Debtor commenced a bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 *et seq.* This document is the Chapter 11 Plan ("Plan") proposed by the Debtor ("Plan Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a reorganizing plan which includes a Court approved agreement regarding the treatment of the Debtor's principal secured creditor, HSBC Bank, as set forth herein. In other words, the Proponent seeks to accomplish payments under the Plan by consensually restructuring the debt to HSBC Bank, which is secured by the Debtor's real property located at 13781 Eldridge Avenue, Sylmar, California ("Sylmar Property"), and paying other creditors as set forth herein over time. The Effective Date of the proposed Plan is 14 days after entry of an order confirming the Plan.

# II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A.    General Overview

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

### B.    Unclassified Claims

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class. The treatment of these claims is provided below.

#### 1.    Administrative Expenses

Administrative expenses are claims for costs or expenses of administering the Debtor's

Chapter 11 case which are allowed under Code Section 507(a)(1). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's § 507(a)(1) administrative claims and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|------|-------------|-----------|
| Jeffrey S. Shinbrot, Esq. | $15,000 | Paid in Full on Effective Date, if fees are approved by the Court; Creditor has agreed to payment after the Effective Date if there are insufficient funds on the Effective Date |
| Clerk's Office Fees | $0 | Paid in Full on Effective Date |
| Office of the U.S. Trustee Fees | $325.00 | Paid in Full on Effective Date |
| | TOTAL = $15,325.00 | |

Court Approval of Fees Required:

The Court must approve all professional fees listed in this chart. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan.

2.    **Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax.

The following chart lists all of the Debtor's Section 507(a)(8) priority tax claims and their treatment under this Plan:

///

///

4

Debtor's Second Amended Chapter 11 Plan

| Description | Amount Owed | Treatment | |
|---|---|---|---|
| • Name = Franchise Tax Board<br><br>• Type of tax = Income<br><br>• Date tax assessed = 2006 & 2014 | $6,059.78 | Pymt interval<br>Pymt amt/interval<br>Begin date<br><br><br><br><br>End date<br><br>Interest Rate 3%<br>Total Payout Amount 100 % | = quarterly<br>= $326.61<br>= Last day of the quarter containing the Effective Date<br>= 5 years thereafter<br>= 3%<br>= $6,532.20 |
| • Name = Internal Revenue Service<br><br>• Type of tax = Income<br><br>• Date tax assessed = 2006 | $5,129.14 | Pymt interval<br>Pymt amt/interval<br>Begin date<br><br><br><br>End date<br><br>Interest Rate %<br>Total Payout Amount 100% | = quarterly<br>= $276.48<br>= Last day of the quarter containing the Effective Date<br>= 5 years thereafter<br>= 3%<br>= $5,529.60 |
| • Name = Los Angeles County Tax Collector<br><br>• Type of tax = Property<br><br>• Date tax assessed = 2011, 2012, 2013, and 2014 | $6,756 | Pymt interval<br>Pymt amt/interval<br>Begin date<br><br><br><br>End date<br>Interest Rate %<br>Total Payout Amount 100% | = quarterly<br>= $364.20<br>= Last day of the quarter containing the Effective Date<br>= 5 years thereafter<br>= 3%<br>= $7,284 |

| Total: | $17,944.92 | |
|--------|------------|--|

**C.    Classified Claims and Interests**

**1.    Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate.  The following chart lists all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT | |
|---------|-------------|----------------|----------------|-----------|--|
| 1. | Secured claim of:<br><br>• Name = HSBC Bank USA, NA<br><br>• Collateral description = Sylmar Property<br><br>• Collateral value = $850,000<br><br>• Priority of security int. = 1st<br><br>• Principal owed = $950,000<br><br>• Pre-pet. arrearage amount = $479,943.27<br><br>• Post-pet. arrearage amount = $57,184.89<br><br>• Total claim amount = $1,393,670.51 | N | Y | • Pymt interval<br><br>• Pymt amt/interval<br><br>• Balloon pymt<br><br><br>• Begin date<br><br>• End date<br><br><br>• Interest rate %<br><br><br>• Total payout 100% of secured portion of claim<br><br>• Treatment of Lien | = Monthly<br><br>= $4,181.49<br><br>= $393,024.93 (approx. depending on Effective Date)<br><br>= December 1, 2015<br><br>= June 1, 2036 (maturity date of loan documents)<br><br>= 4.25% fixed (amortized over 30 years)<br><br>= $1,425,852.96 on secured portion of claim<br><br>= Creditor to have a secured claim of $850,000; the balance of creditor's claim shall be deemed unsecured and the unsecured portion shall be |

|   |   |   |   | included in Class 4 to be paid as set forth below |
|---|---|---|---|---|
| 2. | Secured claim of:<br><br>• Name = The Mortgage Store<br>• Collateral description = Sylmar Property<br>• Collateral value = $850,000<br>• Priority of security int. = 2nd<br>• Principal owed = unknown<br>• Pre-pet. arrearage amount = unknown<br>• Post-pet. arrearage amount = unknown<br>• Total claim amount = $120,000 | N | Y | Creditor's claim is wholly unsecured based on value of Property and shall be unsecured Class 4 to be paid as set forth below; creditor entitled to vote as member of Class 4 only. The debt to The Mortgage Store shall be fully void, discharged and released against the Sylmar property upon entry of a chapter 11 discharge of the Debtor. |
| 3. | Secured claim of:<br><br>• Name = Wells Fargo Bank, NA<br>• Collateral description = 10487 Laurel Canyon Blvd., Pacoima, CA 91331 (not estate property)<br>• Collateral value = $400,000 (not estate property)<br>• Priority of security int. = 1st<br>• Principal owed = | N | N | Unimpaired; to be paid as agreed under loan documents |

| | | | |
|---|---|---|---|
| • Principal owed = unknown<br><br>• Pre-pet. arrearage amount = unknown<br><br>• Post-pet. arrearage amount = unknown<br><br>• Total claim amount = $444,560.03 | | | |

### 2.    Classes of Priority Unsecured Claims

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

The following chart lists all classes containing Debtor's 507(a)(3), (4), (5), (6), and (7) priority unsecured claims and their treatment under this Plan: None.

### 3.    Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the class containing <u>all</u> of Debtor's general unsecured claims:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT | |
|---|---|---|---|---|
| 4. | General unsecured claims<br><br>• Total amt of claims = $685,991.00 (Includes $22,320.04 scheduled unsecured claims and | Y | • Pymt interval<br><br>• Pymt amt/interval<br><br>• Begin date<br><br><br><br>• End date | = Quarterly<br>= $600<br>= 15 days after the Effective Date<br><br>= 5 years thereafter |

8

| | unsecured portions of Claim 1 in the amount of $543,671 and Claim 2 in the amount of 120,000.00) | | • Interest rate %<br><br>• Total payout 1% (Percentage payment assumes all possible creditor claims allowed. Debtor reserves the right to file objections to claims both before and after confirmation. Ultimate amount of allowed unsecured claims will be paid pro rata share of amounts paid towards claims in Class 3) | = 0<br><br>= $12,000 which shall result in a 1.7% payout over 5 years. |

### 4.    Class(es) of Interest Holders

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies this Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 5 | Interest holders | N | Debtor to retain assets not used to pay creditor claims |

### D.    Means of Performing the Plan

#### 1.    Funding for the Plan

The plan will be funded by the following: The Debtor's income from employment and family contributions.

        **2.**    **Post-Confirmation Management**

The Debtor will handle all post-confirmation management issues including payment of creditor claims pursuant to the Plan.

        **3.**    **Disbursing Agent**

The Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The Disbursing Agent shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

### III.

### TREATMENT OF MISCELLANEOUS ITEMS

**A.**    **Executory Contracts and Unexpired Leases**

        **1.**    **Assumptions**

The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtor under this Plan: None.

        **2.**    **Rejections**

On the Effective Date, the following executory contracts and unexpired leases will be rejected: None.

**B.**    **Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**C.**    **Retention of Jurisdiction**

The Court will retain jurisdiction to the extent provided by law.

### IV.

### EFFECT OF CONFIRMATION OF PLAN

**A.**    **Discharge**

This Plan provides that upon substantial consummation of the Plan and entry of a final decree by the Court, Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. § 1141. However, the discharge will not discharge any liability imposed by the Plan.

Debtor's Second Amended Chapter 11 Plan

**B.    Revesting of Property in the Debtor**

Except as provided in Section {IV.E.}, and except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

**C.    Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before confirmation.  However, the Court may require a new disclosure statement and/or revoting on the Plan if proponent modifies the plan before confirmation.

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated <u>and</u> (2) if the Court authorizes the proposed modifications after notice and a hearing.

**D.    Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan.  The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice.  Further status reports shall be filed every 120 days and served on the same entities.

**E.    Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan.  Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**F.    Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter

1 | 7 estate, and the automatic stay will be reimposed upon the revested property, but only to the extent

2 | that relief from stay was not previously granted by the Court during this case.

3 | **G.    Final Decree**

4 | Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan

5 | Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a

6 | motion with the Court to obtain a final decree to close the case.

DATED: 4/22/2016_____, 2016        JEFFREY SHINBROT, APLC

By: _____

JEFFREY S. SHINBROT, Attorneys for
Leonarda Aguilar, Debtor in Possession

---

12

Debtor's Second Amended Chapter 11 Plan

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

8200 Wilshire Blvd., Suite 400
Beverly Hills, CA  90211

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S SECOND AMENDED CHAPTER 11
PLAN (CLEAN VERSION):** will be served or was served **(a)** on the judge in chambers in the form and manner required by
LBR 5005-2(d); and **(b)** in the manner stated below:

**X  1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
4/22/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Steven Archer    archer@kiesel-law.com
- Leslie M Klott    bankruptcy@zievelaw.com
- Kenneth G Lau    kenneth.g.lau@usdoj.gov
- Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) 4/22/2016, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed

☐  Service information continued on attached page

**X  3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state
method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 4/22/2016, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

Honorable Richard M. Neiter (Via Attorney Service)
U.S. Bankruptcy Court
255 E. Temple Street, bin outside of Suite 1652
Los Angeles, CA 90012-3332

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/22/2016 | Sandra Rodriguez | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.