JEFFREY S. SHINBROT, ESQ. (SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
8200 Wilshire Boulevard, Suite 400
Beverly Hills, California 60211
Telephone: (310) 659-5444
Fax (310) 878-8304
General Reorganization Counsel to Chapter 11
Debtor

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>LEONARDA GUADALUPE AGUILAR,<br><br>Chapter 11 Debtor and Debtor-In-Possession. | Case No. 2:15-BK-16443 RN<br><br>Chapter 11<br><br>**MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN; REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF (BALLOT TALLY FILED CONCURRENTY HEREWITH).**<br><br><u>Confirmation Hearing</u><br><br>**Date:** June 9, 2016<br>**Time:** 2:00 p.m.<br>**Place:** Courtroom 1645<br>    255 E. Temple St.<br>    Los Angeles, CA 90012 |

# TABLE OF CONTENTS

I. INTRODUCTION AND OVERVIEW .................................................................................1

II. VOTING RESULTS ...........................................................................................................1

III. CHAPTER 11 PLAN CONFIRMATION IS APPROPRIATE BECAUSE ALL STATUTORY REQUIREMENTS HAVE BEEN MET ...........................................................2

    A. The Plan Complies With All Confirmation Requirements. ..........................................2

        1. The Plan Complies with the Applicable Provisions of the Code. .........................2

            a. The Plan Satisfies the Requirements of Bankruptcy Code Section 1122. ..........................................2

            b. The Plan Satisfies the Mandatory Requirements of Bankruptcy Code Section 1123(a). ..........................3

                (1) Bankruptcy Code Section 1123(a)(1): The Plan Designates Classes of Claims and Interests .................3

                (2) Bankruptcy Code Section 1123(a)(2): The Plan Identifies Unimpaired Classes of Claims and Interests. .................3

                (3) Bankruptcy Code Section 1123(a)(3): The Plan Specifies the Treatment of Impaired Classes. .................3

                (4) Bankruptcy Code Section 1123(a)(4): The Plan Provides for the Same Treatment of Claims within Each Class. .................4

                (5) Bankruptcy Code Section 1123(a)(5): The Plan Provides for Adequate Means of Implementation. .................4

                (6) Bankruptcy Code Section 1123(a)(6): Inapplicable. .................4

                (7) Bankruptcy Code Section 1123(a)(7): Inapplicable. .................4

                (8) Bankruptcy Code Section 1123(a)(8): The Plan Provides for Payment of Post–Petition Earnings and Future Earnings. .................5

        2. The Plan Complies with Section 1129(a)(2) of the Code. ...................5

        3. The Debtor Has Proposed the Plan in Good Faith (Bankruptcy Code Section 1129(a)(3)) .................5

4. The Plan Provides for Court Approval of All Payments for Services in Connection with this Case (11 U.S.C. §1129(a)(4))..................................................................................6

5. Disclosure of Directors and Officers (11 U.S.C. §1129(a)(5)):..........6

6. The Plan Meets the "Best Interests" Test (11 U.S.C. §1129(a)(7) ....................................................................................7

7. Acceptance By Impaired Classes Entitled to Vote (11 U.S.C. §1129(a)(8)..........................................................................7

8. The Plan Complies with the Required Treatment of Administrative Claims and Priority Claims (11 U.S.C. §1129(a)(9))..........................................................................7

9. At Least One Impaired Class of Claims Has Voted to Accept the Plan, After Excluding Votes by Insiders (11 U.S.C. §1129(a)(10).........................................................................8

10. The Plan Is Feasible (11 .U.S.C. §1129(a)(11)).........................8

11. The Plan Provides for Payment of All Statutory Fees (11 U.S.C. §1129(a)(12))...................................................................9

IV. NON-MATERIAL MODIFICATIONS SHOULD BE APPROVED..........................9

REQUEST FOR JUDICIAL NOTICE ................................................................11

I.

## INTRODUCTION AND OVERVIEW

LEONARDA GUADALUPE AGUILAR, the chapter 11 debtor and debtor-in-possession (the "Debtor") in the above-captioned case hereby submits her Confirmation Memorandum in support of confirmation of her and Second Amended Plan (the "Plan"[1]). This Memorandum is supported by the record of the instant case as set forth herein, the annexed Request for Judicial Notice (which constitutes the evidence annexed to the Debtor's Second Amended Disclosure Statement at docket number 96 (the "Disclosure Statement") and the Ballot Tally filed concurrently herewith. Happily, the chapter 11 process resulted in a consensual Plan. The Debtor has received sufficient votes and has fully complied with the requirements of the Bankruptcy Code. No opposition to the Debtor's Plan has been filed. Therefore, the Debtor respectfully requests that the Court enter an Order confirming the Plan.

II.

## VOTING RESULTS

The Second Amended Disclosure Statement and Plan, ballots and notice of confirmation procedures were duly and timely served on all creditors and parties-in-interest in accordance with this Court's Orders. To date the Debtor has received no opposition to the Plan and has received no dissenting votes. The sole voting creditor on the Plan was impaired claimant HSBC bank, whose claims include an impaired secured claim in the amount of $850,000 and an unsecured claim in the amount of $543,671.00. The ballot tally is filed concurrently herewith. Based on the foregoing, 100% of the votes cast and 100% of the amount of the votes cast has voted in favor of the Plan.

///

---

[1] The Debtor's Second Amended Plan is at docket number 97 and her Second Amended Disclosure Statement is at docket number 96, herein, the Debtor respectfully requests that the Court take judicial notice thereof and of all documents and pleadings previously filed in this chapter 11 case per FRE 201.

1    CONFIRMATION BRIEF

## III.

## CHAPTER 11 PLAN CONFIRMATION IS APPROPRIATE BECAUSE ALL STATUTORY REQUIREMENTS HAVE BEEN MET

A.  **The Plan Complies With All Confirmation Requirements.**

Bankruptcy Code section 1129(a)(1) requires that as a prerequisite to chapter 11 plan confirmation, all the requirements of that section must be met. 11 U.S.C. § 1129(a). Since the Plan satisfies each and all of the requirements of §1129, confirmation in the instant matter is appropriate.

1.  **The Plan Complies with the Applicable Provisions of the Code.**

A chapter 11 plan must comply "with the applicable provisions of this title." 11 U.S.C. Section 1129(a)(1). "[A]pplicable provisions" means that the plan complies with Sections 1122 and 1123 of the Code. *Cane v. Johns-Manville Corp.*, 843 F.2d 636, 648-9 (2nd Cir. 1988); *5 Collier on Bankruptcy 1129.02* (15th ed. 1986); H.R. Rep. No. 95-595, 9th Cong., 1st Sess. 412 (1977). The Plan complies with both sections 1122 and 1123 of the Bankruptcy Code, as well as all other applicable provisions and therefore should be confirmed.

a.  **The Plan Satisfies the Requirements of Bankruptcy Code Section 1122.**

Bankruptcy Code section 1122 provides that "a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to other claims or interests of such class." 11 U.S.C. § 1122(a). Bankruptcy courts have broad discretion to determine the propriety of classification schemes in light of the facts of each case. The Plan designates four classes of claims as follows:

Class 1:   Class 1 consists solely of the secured claim of HSBC Bank.

Class 2:   Class 2 consists solely of the claim of The Mortgage Store.

Class 3:   Class 3 consists solely of the secured claim of Wells Fargo Bank.

<u>Class 4</u>:    Class 4 consists of the unsecured claims, including the under-secured portion of HSBC Bank's claims.

        **b.**    **<u>The Plan Satisfies the Mandatory Requirements of Bankruptcy Code Section 1123(a).</u>**

Bankruptcy Code section 1123(a) sets forth eight mandatory requirements for the contents of a chapter 11 plan. 11 U.S.C. § 1123(a).  The Plan complies with all of these requirements.

        (1)    **Bankruptcy Code Section 1123(a)(1): The Plan Designates Classes of Claims and Interests.**

Bankruptcy Code Section 1123(a)(1) requires that a chapter 11 plan designate classes of claims and interests other than claims of a kind specified in 11 U.S.C. § 507(a)(2) (administrative expense claims), 11 U.S.C. § 507(a)(3) (claims arising during the "gap" period in an involuntary bankruptcy case), and 11 U.S.C. § 507(a)(8) (priority tax claims). 11 U.S.C. § 1123(a)(1). Section II of the Plan complies with this requirement by classifying all claims and interests, other than Administrative Claims and Priority Tax Claims.

        (2)    **Bankruptcy Code Section 1123(a)(2): The Plan Identifies Unimpaired Classes of Claims and Interests.**

11 U.S.C. §1123(a)(2) requires that a plan "specify any class of claims or interests that is not impaired under the plan." 11 U.S.C. § 1123(a)(2). Section II.C., of the Plan satisfies this requirement by specifying which classes are impaired and unimpaired as set forth in the chart for each particular claim.

        (3)    **Bankruptcy Code Section 1123(a)(3): The Plan Specifies the Treatment of Impaired Classes.**

11 U.S.C. § 1123(a)(3) requires that a plan "specify the treatment of any class of claims or interests that is impaired under the plan." 11 U.S.C. § 1123(a)(3). Section II.C., of the Plan satisfies this requirement by specifying which classes are impaired and

unimpaired as set forth in the chart for each particular claim.

### (4) Bankruptcy Code Section 1123(a)(4): The Plan Provides for the Same Treatment of Claims within Each Class.

11 U.S.C. §1123(a)(4) requires that a plan provide the same treatment for each claim or interest in a particular class. 11 U.S.C. § 1123(a)(4). The Plan satisfies this requirement because no claim or interest holder is receiving treatment under the Plan that is different from any other claim or interest holder in the same class.

### (5) Bankruptcy Code Section 1123(a)(5): The Plan Provides for Adequate Means of Implementation.

11 U.S.C. §1123(a)(5) requires that a plan "provide adequate means for the plan's implementation," and sets forth examples thereof. The Plan provides that it shall be implemented by payments made by the Debtor and her brother Vicente D. Aguilar. The declarations of each of them include their net income and ability to make the payments (see attached Request for Judicial Notice). Hence, section 1123(a)(5) has been satisfied.

### (6) Bankruptcy Code Section 1123(a)(6): Inapplicable.

Section 1123(a)(6) requires that, with respect to a corporate debtor, a chapter 11 plan provide for the inclusion in the reorganized debtor's charter a prohibition against the issuance of non-voting equity securities and related protections for holders of preferred shares. 11 U.S.C. §1123(a)(6). Since the Debtor is an individual, Section 1123(a)(6) is inapplicable.

### (7) Bankruptcy Code Section 1123(a)(7): Inapplicable.

Bankruptcy Code Section 1123(a)(7) provides that a plan must "contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan and any successor to such officer, director or trustee." 11 U.S.C. § 1123(a)(7). Since the Debtor is an individual, Section 1123(a)(7) is inapplicable.

(8) **Bankruptcy Code Section 1123(a)(8): The Plan Provides for Payment of Post-Petition Earnings and Future Earnings.**

Section 1123(a)(8) of the Code requires that in a case where the debtor is an individual, that the plan provide for the payment to creditors under the plan of all or such portion of earnings from personal services performed by the debtor after the commencement of the case or other future income of the debtor as is necessary for the execution of the plan. The Plan complies with this provision of the Code as it provides for payment of future income of the Debtor to make plan payments.

Based upon the foregoing, the Plan complies with all of the provisions of Sections 1122 and 1123 of the Code and, therefore, complies with Section 1129(a)(1) of the Code.

2. **The Plan Complies with Section 1129(a)(2) of the Code.**

11 U.S.C. §1129(a)(2) requires that the chapter 11 plan "compl[y] with the applicable provisions of this title." 11 U.S.C. § 1129(a)(2). The principal purpose of this subsection is to ensure that a proponent complies with the Bankruptcy Code's requirements regarding the solicitation of acceptances of a plan. See *In re Texaco Inc.*, 84 B.R. 893, 906-07 (Bankr. S.D.N.Y. 1988). On April 11, 2016, [docket number 91], this Court entered its Order approving the Debtor's Second Amended Disclosure Statement, which set forth balloting and confirmation procedures for this case. On April 22, 2016, 2016, [docket number 95], the Debtor complied with the confirmation procedures required by the Court. The requirements of §1129(a)(2) have therefore been met.

3. **The Debtor Has Proposed the Plan in Good Faith (Bankruptcy Code Section 1129(a)(3)).**

11 U.S.C. §1129(a)(3) requires that a chapter 11 plan be "proposed in good faith and not by any means forbidden by law." Good faith requires that a plan will achieve a

result consistent with the objectives and purposes of the Bankruptcy Code. *In re Strolrows, Inc.* 84 B.R. 167 (9th Cir. BAP 1988). This Plan is the result of a consensual resolution with the Debtor's principal secured (and impaired) lender. This negotiated result is an equitable resolution to the Chapter 11 process and since it obviates plan litigation, it results in reduced administrative expenses. Clearly, the Debtor's Plan has been proposed in good faith.

### 4. The Plan Provides for Court Approval of All Payments for Services in Connection with this Case (11 U.S.C. §1129(a)(4)).

11 U.S.C. §1129(a)(4) requires that payments "for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case," be approved by the Court as reasonable. 11 U.S.C. §1129(a)(4). The Plan provides that only the administrative expenses allowed by the Court will be owed and required to be paid under this Plan. The Plan therefore complies with Bankruptcy Code section 1129(a)(4).

### 5. Disclosure of Directors and Officers (11 U.S.C. §1129(a)(5)).

Bankruptcy Code section 1129(a)(5) requires: (i) that the proponent of a plan disclose the identity of any individual proposed to serve after confirmation as a director, officer, or voting trustee of the debtor; (ii) that the appointment of such individuals be consistent with the interests of creditors and shareholders and with public policy; and (iii) that the proponent disclose the nature of any insider that will be employed by the reorganized debtor and the nature of the compensation to be provided to such insider. 11 U.S.C. §§ 1129(a)(5)(A) and (B). Since the Debtor is an individual, Section 1129(a)(5) is inapplicable.

///

///

///

6. **The Plan Meets the "Best Interests" Test (11 U.S.C. §1129(a)(7).**

11 U.S.C. §1129(a)(7) sets forth the "best interests" test, which requires that with respect to each class of impaired claims or interests under a plan, every holder of a claim or interest in such impaired class either (i) accept the plan, or (ii) receive or retain property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the debtor were liquidated under chapter 7 of the Bankruptcy Code. 11 U.S.C §1129(a)(7). As set forth in the Disclosure Statement, the unsecured creditors would receive no distribution under chapter 7 and will receive a distribution under the Plan. Therefore, the liquidation test is met.

7. **Acceptance By Impaired Classes Entitled to Vote (11 U.S.C. §1129(a)(8).**

Bankruptcy Code section 1129(a)(8) requires that each class of claims and interests established under a plan either accept the plan or not be impaired under the plan. 11 U.S.C § 1129(a)(8). A class of claims accepts a plan if holders of at least two-thirds in dollar amount and more than one-half in number of claims in that class vote to accept the plan, counting only those claims whose holders actually vote. 11 U.S.C § 1126(c). A class of claims or interests that is not impaired is deemed to have accepted the plan. 11 U.S.C §§ 1126(f) and 1129(a)(8). Classes 3 and 5 are unimpaired and are therefore deemed to have accepted the Plan. As set forth in the Ballot Tally, classes 1 and 4 were entitled to vote and have accepted the Plan both in dollar amount and number of claims. Therefore §1129(a)(8) is satisfied.

8. **The Plan Complies with the Required Treatment of Administrative Claims and Priority Claims (11 U.S.C. §1129(a)(9)).**

Bankruptcy Code section 1129(a)(9) requires that, unless the holder of a claim agrees to a different treatment of its claim:

(A) the holder of a claim entitled to priority under section 507(a)(2) or (3) must receive cash equal to the allowed amount of its claim on the effective date of the plan;

(B) the holder of a claim entitled to priority under section the holder of a claim entitled to priority under section 507(a)(1), (4),(5), (6), or (7) must receive either cash in the allowed amount of such claim on the effective date of the plan or deferred cash payments of a value, as of the effective date, equal to the allowed amounts of such claim; and

(C) the holder of a tax claim entitled to priority under section 507(a)(8) must receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of a plan, equal to the allowed amount of such claim. 11 U.S.C. § 1129(a)(9).

Pursuant to the Plan, the Debtor's §507(a)(1) claims, if allowed, shall be paid in full on the Effective Date. The Debtor's priority tax claims shall be paid quarterly over five years, with 3% interest. The Debtor has been informed by the Internal Revenue Service that it has amended its claim and that no amounts are due from the Debtor, the Debtor shall therefore modify its Plan prior to confirmation to add the payments that would have been made to the Internal Revenue Service to class 4, the general unsecured creditors.

9. **At Least One Impaired Class of Claims Has Voted to Accept the Plan, After Excluding Votes by Insiders (11 U.S.C. §1129(a)(10):**

11 U.S.C. §1129(a)(10) requires that at least one class of claims that is impaired under the plan has voted to accept the plan, determined without including any acceptance of the plan by any insider. 11 U.S.C. § 1129(a)(10). As set forth in the Ballot Talley two non-insider impaired classes (Classes 1 and 4) have voted to accept the Plan, therefore this requirement is satisfied.

10. **The Plan Is Feasible (11 .U.S.C. §1129(a)(11)).**

Bankruptcy Code section 1129(a)(11) requires that the Court find that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, if the debtor or any successor to the debtor under the plan,

unless such liquidation or reorganization is proposed in the plan." 11 U.S.C § 1129(a)(11).

In order to establish feasibility, the debtor need not guarantee the success of the plan. (*In re Nauman*, 213 B.R. 355, 358 (B.A.P. 9th Cir. 1997)). Rather, the Debtors must demonstrate only that there is a reasonable probability of success. *Acequia Inc. v. Clinton (In re Acequia)*, 787 F.2d 1352, 1364 (9th Cir. 1986). As set forth in exhibits to the Disclosure Statement (annexed hereto) the plan is feasible via payments by the Debtor (who earns $1,750.00, net, monthly) and her brother, Vicente Aguilar (who earns $6,680.00, net, monthly).

### 11. The Plan Provides for Payment of All Statutory Fees (11 U.S.C. §1129(a)(12)).

11 U.S.C. §1129(a)(12) requires that a chapter 11 plan provide that all fees payable under 28 U.S.C. § 1930 be paid on or before the effective date of the plan. Section II.B.1. of the Plan provides that the Reorganized Debtor will pay all fees due and owing under 28 U.S.C. § 1930 on the Effective Date. Section 1129(a)(12) is therefore satisfied.

## IV.

## NON-MATERIAL MODIFICATIONS SHOULD BE APPROVED

Section IV.C., of the Plan permits the Debtor to modify the Plan at any time before confirmation. The Debtor has been informed by the Internal Revenue Service that it has amended its claim to show no amounts owed. Based on the foregoing the Debtor shall amend her Plan to make those payments to the general unsecured creditors, class 4, thereby increasing the payment to the unsecured creditors from $12,000 to $17,529.60.

Plan modification pursuant to Federal Rule of Bankruptcy Procedure 3019 may be made at the time of chapter 11 plan confirmation hearing, if such modification does not adversely change the treatment of claims. *City Corp Acceptance Co. v. Ruti-Sweetwater (In re Sweetwater)*, 57 B.R. 354, 357-359 (D. Utah 1985). The proposed amendment benefits the estate and its creditors and therefore should be approved.

///

///

V.

## CONCLUSION AND PRAYER FOR RELIEF

As set forth herein and the Response, the Plan meets all of the requirements of the Bankruptcy Code and confirmation thereof is clearly in the best interest of the estate, its constituents and creditors.

**WHEREFORE**, the Debtor respectfully requests that the Court enter its Order confirming the Debtor's Second Amended Chapter 11 plan.

DATED: 5/20/16

JEFFREY SHINBROT, APLC

By: _____
JEFFREY S. SHINBROT, Attorneys for
Chapter 11 Debtors.

## REQUEST FOR JUDICIAL NOTICE

The Debtor respectfully requests that pursuant to Federal Rule of Evidence 201, that the Court take judicial notice of the documents exhibits annexed to the Debtor's Second Amended Disclosure Statement at docket number 96, as follows:

1. Declaration of Leonarda Aguilar.

2. Declaration of Vicente D. Aguilar.

DECLARATION OF LEONARDA AGUILAR

# VI.

## SUPPORTING DECLARATIONS

### DECLARATION OF LEONARDA AGUILAR

I, LEONARDA AGUILAR, declare as follows:

I am the debtor in this action. As to the following facts I know them to be true of my own personal knowledge and if called upon to testify in this matter, I could and would do so as set forth herein.

1. I have provided documents and information to my attorney, Jeffrey S. Shinbrot, and assisted in preparing the Disclosure Statement.

2. I have reviewed the foregoing Disclosure Statement, and I believe that its contents are accurate and complete.

3. I have returned from disability to my full time employment at the Employment Development Department and attach a true and accurate copy of most recent paystub indicating a net monthly income of approximately $1,750. Additionally, as set forth in the annexed declaration of my brother Vicente Aguilar, he resides at the Sylmar property and will contribute $5,000.00 per month as rent. My cash flow therefore is sufficient to the fund the Plan as follows:

| Net Income from Earnings | $1,750.00 |
| --- | --- |
| Rent from Vicente Aguilar | $5,000.00 |
| Plan Payments | ($4,704.00) |
| Electricity/Gas | ($40.00) |
| Food | ($350.00) |
| Phone | ($170.00) |
| Rent | ($450.00) |
| Transportation | ($200.00) |
| Vehicle Insurance | ($150.00) |
| Total expenses | ($6,104.00) |

26

Second Amended Disclosure Statement Describing Second Amended Chapter 11 Plan

Case 2:15-bk-16443-RN Doc 96 Filed 04/22/16 Entered 04/22/16 16:47:45 Desc
Main Document Page 32 of 70
2016-04-08 08:41 CP WORKSOURCE 0000000 >> Shinbrot Firm P 1/2

| NET CASH FLOW | $646.00 |
|---|---|

I declare under penalty under the laws of the United States of America that the foregoing is true and correct.

*Leonarda Aguilar*
Leonarda Aguilar

27

First Second Amended Disclosure Statement Describing Second Amended Chapter 11 Plan

DECLARATION OF VICENTE D. AGUILAR

2016-04-08 08:41    CP WORKSOURCE    0000000 >>    Shinbrot Firm  P 2/2

### DECLARATION OF VICENTE D. AGUILAR

I, VICENTE D. AGUILAR declare as follows:

1. As to the following facts, I know them to be true of my own personal knowledge and if called upon to testify in the matter, I could and would do so as set forth herein.

2. I am employed by the Department of Water and Power and annexed hereto are true and accurate copies of my paystubs for a four week period, as indicated therein, my net pay is in excess of $6,680.00.00.

3. I reside at 13781 Eldridge Avenue, Sylmar, California ("Sylmar Property") described in the above Disclosure Statement, and I have agreed to pay $5,000.00 to my sister LEONARDA AGUILAR as rent for my occupancy of the Sylmar Property during the life of her chapter 11 plan.

4. I acknowledge that this agreement imposes liability in the amounts described under the Plan and I have sought independent legal counsel in connection therewith.

I declare under penalty under the laws of the United States of America that the foregoing is true and correct.

*/s/ Vicente D. Aguilar*
Vicente D. Aguilar

35
Post-Second Amended Disclosure Statement Describing Second Amended Chapter 11 Plan

16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

8200 Wilshire Blvd., Suite 400
Beverly Hills, CA 90211

A true and correct copy of the foregoing document entitled (*specify*): **MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN; REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF (BALLOT TALLY FILED CONCURRENTLY HEREWITH)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**X   1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/20/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Steven Archer   archer@kiesel-law.com
- Leslie M Klott   bankruptcy@zievelaw.com
- Kenneth G Lau   kenneth.g.lau@usdoj.gov
- Kelly L Morrison   kelly.l.morrison@usdoj.gov
- Lindsey L Smith   lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) 5/20/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**X   3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 5/20/2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Richard M. Neiter (Via Attorney Service)
U.S. Bankruptcy Court
255 E. Temple Street, bin outside of Suite 1652
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/20/2016 | Sandra Rodriguez | *signature* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                          F 9013-3.1.PROOF.SERVICE